**JAMES S. TERRELL (SBN: 170409)**
**Law Office of JAMES S. TERRELL**
**15411 Anacapa Road**
**Victorville, California 92392**
**E-mail: jim@talktoterrell.com**

**SHARON J. BRUNNER, (SBN: 229931)**
**Law Office of SHARON J. BRUNNER**
**14393 Park Avenue, Suite 100**
**Victorville, CA 92392**
**E-mail: sharonjbrunner@yahoo.com**

**Attorneys for Plaintiff**
**JOSEPH ANDRE VENEGAS-ORNELAS**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSEPH ANDRE VENEGAS-ORNELAS** )<br><br>    **Plaintiff,** )<br><br>    **vs.** )<br><br>**COUNTY OF SAN BERNARDINO** )<br>**and DOES 1-10, Inclusive.** )<br>                **Defendants.** )<br> ) | **Case No.: 5:25-cv-2037**<br>**COMPLAINT FOR DAMAGES**<br><br>  1. **Violation of Civil Rights Fourth Amendment – Excessive Force (42 U.S.C. 1983)**<br>  2. **Violation of Civil Rights (42 USC 1983) (Failure to Intervene, Failure to Protect)**<br>  3. **Violation of Civil Rights (42 USC 1983) (Unconstitutional Policy, Practice or Custom)**<br>  4. **Battery**<br>  5. **Violation of Cal. Civil Code § 52.1 (Bane Act)**<br>  6.  **Intentional Infliction of Emotional Distress**<br>  7.  **Negligence**<br>  **[DEMAND FOR JURY TRIAL]** |

# COMPLAINT FOR DAMAGES

COMES NOW, JOSEPH ANDRE VENEGAS-ORNELAS, for his Complaint against Defendants COUNTY of San Bernardino and DOES 1-10, inclusive, and alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

3.      The Plaintiff filed a timely Governmental Tort Claim, pursuant to California Civil Code § 910, therefore state actions are appropriate. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with this Deputy-involved excessive force action on Plaintiff, which

occurred in the COUNTY of San Bernardino, California.

## **PARTIES**

4.       At all relevant times, **JOSEPH ANDRE VENEGAS-ORNELAS** ("PLAINTIFF") was an individual residing in the COUNTY of San Bernardino, California.

5.       At all relevant times, Defendant **COUNTY OF SAN BERNARDINO** (**"COUNTY"**) is and was a municipal corporation existing under the laws of the State of California. COUNTY is a chartered subdivision of the State of California with the capacity to be sued. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the San Bernardino County Sheriff's Department ("SBCSD") and its agents and employees.

6.       At all relevant times, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the COUNTY and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, COUNTY was the employer of Defendants Deputies DOES 1-10.

7.       On information and belief, DOES 1-10 were residents of the COUNTY of San Bernardino.

8.       In doing the acts and failing and omitting to act as hereinafter

described, Defendants DOES 1-5 acting on the implied and actual permission and consent of Defendants COUNTY and DOES 6-10.

9.      The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

10.     Plaintiff is ignorant of the true names and capacities of these DOE Defendants, though all are believed to have been employed by Defendant COUNTY or acting in concert with Defendants and in the capacity of state actors, but allege that each such Defendant was in some manner responsible for Plaintiff's injuries due to their own conduct which were either intentionally done or done with reckless indifference to the rights of the Plaintiff.

11.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

12.     All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting

within the course, purpose, and scope of said agency, service, and/or employment

capacity. Moreover, Defendants and their agents ratified all of the acts complained

of herein.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

13.     Plaintiff repeats and re-alleges each and every allegation in

paragraphs 1 through 12 of this Complaint with the same force and effect as if

fully set forth herein.

14.     This incident occurred on June 27, or June 28, 2024 at approximately 11:00

a.m. in the COUNTY of SAN BERNARDINO.

15.     Plaintiff VENEGAS-ORNELAS was operating a vehicle (RV) in the

COUNTY of San Bernardino at approximately 11:00 a.m. on June 27, 2024, when

Defendant DEPUTIES DOES 1-10, activated the police vehicle's emergency

lights to conduct a traffic stop on Plaintiff VENEGAS-ORNELAS.

16.     Plaintiff VENEGAS-ORNELAS stopped his vehicle near the intersection of

Cottonwood and Mesquite, in the city of Hesperia, in the COUNTY of San

Bernardino on or around June 27, 2024.

17.     Plaintiff VENEGAS-ORNELAS immediately exited the RV and hid under

the vehicle.

18.     Plaintiff was immediately observed attempting to hide from the San

Bernardino County Deputies. Defendant DOE 1, a K-9 Deputy released the dog to

attack the Plaintiff.  The dog was released by Defendant Doe 1 without a verbal

warning, without an opportunity to obey a command or comply with an order. Defendant DOE 1 did not wait to give a command, Defendant Doe1 released the K-9 that started biting and mauling Plaintiff. The K-9 repeatedly bit the Plaintiff.

19. Defendant Deputies DOES 2-10, gave Plaintiff commands to show his hands, which Plaintiff complied with. Plaintiff did show his hands and it was clear that he had no weapon. Defendant Deputy Doe 1 did not call the K-9 off or stop the repeated painful bites.

20. Defendant Deputy DOES 2-10, gave commands to PLAINTIFF to slide out from under the RV from under the RV. Plaintiff continued showing his hands while attempting to slide out. Defendant Deputy DOES 1-10 grabbed onto the Plaintiff's arm and pulled Plaintiff out. While pulling the Plaintiff out from under the vehicle, the Plaintiff head became stuck on the struts located in the under carriage.

21. Defendant Deputies 1-10, pulled on Plaintiff's body who had his head stuck under the vehicle and the pulling was harmful, causing extreme pain. Defendant Deputy DOES 2-8 continued to pull on the Plaintiff, knowing that his head was stuck and their action of pulling was causing great physical pain and injury to Plaintiff.

22. During this process of pulling on the body of the Plaintiff DOES 2-10 placed their collective weight on the Plaintiff's back preventing his ability to breathe.

23.    Plaintiff said, 'I can't breathe'. Plaintiff was passed out from not receiving air. Plaintiff cries to get off his back were ignored. Prior to losing consciousness the Plaintiff thought the Deputies were trying to kill him. Defendant Deputies DOES 2-10 remained on the Plaintiff's back ignoring signs of positional asphyxiation. The K-9 was still biting his hands.

24.    Plaintiff's head was struck under the RV, and he was yelling to the Defendant Deputy DOE 3, to stop pulling. The Defendant Deputy DOES continued to pull on the Plaintiff.

25.    At no time did any Defendant Doe Deputies 1-10, ever intervene and stop the harmful and abusive force being used on the Plaintiff.

26.    Plaintiff was knocked unconscious from the excessive force of DOES 1-10 and went into a coma. Plaintiff was taken to Desert Valley Hospital where he was placed in ICU for four days. He remained in a comatose state during the four days.

27.    Plaintiff sustained long term physical injury and will suffer throughout his lifetime.

**FIRST CAUSE OF ACTION**
**VIOLATION OF CIVIL RIGHTS (Fourth Amendment —Excessive Force)**
**(42 U.S.C. § 1983)**
**(Plaintiff Against Defendants DOES 1-10)**

28.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 27 of this Complaint with the same force and effect as if fully set forth herein.

29.    Commencing on or about the aforementioned date and acting under color of law, the Defendants, and DOES 1-10, each of them, intentionally and maliciously deprived Plaintiff of his rights to be secured to him by the Fourth Amendment to the Constitution of the United States of America in that the Defendants, each of them subjected Plaintiff to unreasonable, unnecessary, excessive force tending to cause serious bodily injury during the arrest even though there is no strong governmental interest compelled the need for the deputies to use force, especially to use force likely to cause substantial risk of serious bodily injury, including but not limited to doing the following:

a.    The Doe Defendants 1-10 used force likely to cause a substantial risk of serious bodily injury even though Plaintiff did not pose a threat of death or serious physical injury to the deputies or others by striking Plaintiff on his face and head;

b.    DOE 1, a COUNTY K-9 Deputy had the police dog attack and bite the Plaintiff who was held down by deputies and handcuffed;

c.    The force used was potentially deadly. Courts have generally not found trained police dogs to be deadly force, even though they have not foreclosed the possibility that police dogs could under certain circumstances be found to constitute deadly force. Smith v. Hemet (9th Circuit 2005) 394 F.3rd 689.

d.    The use of the police dog is excessive force when the nature and the

quality of the intrusion (the attack and and resulting injury) is not justified by the governmental interest at stake (the urgency of making the arrest). Here, there was no urgency, the arrest had made made and the Plaintiff was in handcuffs, not free to leave and in custody. These COUNTY of San Bernardino Police Deputies used this dog as an instrument of torture.

30.    At all times during the events described herein, the DOE Defendants assisted each other in performing the various actions described and lent their physical presence presence and support and authority of their office to each other during the event and engaged in a conspiracy to cover up the use of excessive force, by among other things, claiming that plaintiff while lying flat on the ground, refused to comply with orders.

31.    The unreasonable use of force likely to cause a substantial risk of serious bodily injury by Defendants, deprived Plaintiff of his rights to be secure in his person against unreasonable searched and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution.

32.    As a legal result of Defendants' acts and omissions as described, Plaintiff suffered extreme pain and suffering. Plaintiff suffered serious physical injuries and incurred medical bills for health care and future expenses for medical services to treat those injuries. Plaintiff continues to experience pain from the injuries he sustained at the hands of Defendants.

33.     The aforementioned acts and omissions to act by the Defendants were committed by each of them knowingly, willfully, and maliciously, with the intent to harm and injured Plaintiff. Plaintiff seeks punitive and exemplary damages from Defendants, individually, and each of them (not COUNTY) in the amount proved.

## SECOND CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS (42 USC 1983)
### FAILURE TO ACT-INTERVENE-FAILURE TO PROTECT
### (Plaintiff Against DOES 1-10 )

34.     Plaintiff repeats and re-alleges each and every allegation in Paragraphs 1 through 33.

35.     Defendant Deputy DOES acted under color of State law within the course and scope of their duties in making the arrest of the Plaintiff. Defendants DOE 1-10, acting within the course and scope of his duties, under color of state law, in making the arrest of Plaintiff.   In the course of that arrest, Defendants violated the Plaintiff's fourth, fifth and Fourteenth Amendments right not to be deprived of "life, liberty or property, without Due process of law." Both of these rights were breached when the COUNTY K-9 Deputy, DOE 1, allowed the K-9 to maul the Plaintiff, while the Plaintiff was handcuffed and defenseless, and not one of the other sworn police deputies came forward to intervene and stopped the malicious torture of the Plaintiff.

36.     The Defendant Deputy DOES failed to protect Plaintiff.  These Defendants refused or failed to take any reasonable steps to stop the torture being administered

by Defendant Deputy DOES 1-10.

37.    As a result of the Defendants at the scene taking no action, each DOE Defendant failed to protect the Plaintiff who was handcuffed and in custody, from an intolerable risk of severe bodily harm. While working under color of law, the DOE Defendants at the scene of this incident caused the injuries to Plaintiff. As a legal result of their conduct, the Defendants at the scene are liable for Plaintiff's injuries because they were an integral participant in failing to protect Plaintiff from an intolerable risk of severe bodily harm.

## THIRD CAUSE OF ACTION
### (42 USC 1983)
### (UNCONSTITUTIONAL POLICY, PRACTICE OR CUSTOM
(Plaintiff against COUNTY only)

38.    Plaintiff repeats and re-alleges each and every allegation in Paragraphs 1 through 37 of this complaint with the same force and effect as if set herein.

39.    Based upon the principles set forth in *Monell v. New York COUNTY Department of Social Services*, 436 U.S. 658 (1978), Defendant COUNTY is liable for all injuries sustained by Plaintiff as sent forth herein. Defendant COUNTY bears liability for all injuries because of its policies, practices and/or customs were the cause of Plaintiff injuries. Defendant COUNTY and its deputies maintained and permitted one or more of the following officials or policies:

    a.  Using or tolerating excessive force against arrestees who pose no physical threat to deputies and aren't resisting or are in custody.

Plaintiff herein was prone on the ground and handcuffed with his hands behind his back and posed no threat no threat to the Defendants at the scene of the incident.

b.  Obstructing misconduct investigations and falsifying reports to avoid accountability. Herein, ten Defendants knew the true facts and yet no one came forward to tell the truth. Plaintiff believes and therefore alleges, that the "code of silence' amongst the law enforcement agencies involved herein amounts to a policy, practices or custom.

c.  Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this complaint and in particular, the ratification of the use of excessive force against Plaintiff. Plaintiff believes, and thereon alleges, that this incident, the dash cam video, the body cam videos of the deputies at the scene and/or tolerating excessive force against arrestees. PLAINTIFF and other video establishes that the Plaintiff was prone and handcuffed when the K-9 was released. The Deputies at the scene followed the "code of silence," and no law enforcement personnel was written up or disciplined.

40.    Upon information and belief, the above-mentioned policies are so permanent and well settled so as to constitute a custom or usage with the force of law.

41.    A plaintiff has a constitutional interest pursuant the Fourth and the

Fourteenth Amendments to the United States Constitution to be free from excessive force and force likely to cause substantial risk of serious bodily injury. Plaintiff's constitutional interests have been violated based upon Defendant COUNTY of San Bernardino's with regard to the use of force employing the canine unit and further when it is appropriate to use force employing the Canine deployed by the COUNTY specifically when it comes to procedures and protocol to be followed when using the canine unit. These policies and customs include, but are not limited to, the deliberate indifferent training of its deputies in the proper use of a canine unit, when and when not use force that can cause substantial risk of serious bodily injury. The policies and customs also include the express and/or tactic encouragement of then use of a canine unit when a lesser form would be appropriate form the situation, the ratification of the Deputy's misconduct such that future violations do not occur.

42.    As set forth in the foregoing paragraphs of this Complaint, the Defendants at the scene employed by the COUNTY, while acting under color of law and in the scope of employment, violated the Fourth Amendment rights of Plaintiff by acts which included, but not limited to, assaulting and battering Plaintiff while subjecting Plaintiff to unreasonable and malicious use of the canine, all while the Plaintiff was handcuffed and defenseless. As set forth on the foregoing paragraphs of this Complaint, the DOE Defendants use of unreasonable and excessive force in the deployment of the canine while the Plaintiff was on the ground, face down and

while the Plaintiff was handcuffed and no threat to any of the Defendants, was an unconstitutional display of an unreasonable seizure, which violated Plaintiff's Fourth Amendment right to be free from unreasonable governmental seizures of his person.

43.    Specifically, Plaintiff alleges that Defendant COUNTY has an actual custom of promoting the conduct by COUNTY Defendants in this action against Plaintiff.

44.    In Acting as alleged herein, Defendant COUNTY caused Plaintiff general and special damages, in an amount to be determined at the time of trial.

45.    Due to the conduct of Defendant COUNTY, Due the conduct of Defendant COUNTY, Plaintiff has suffered physical and psychological injuries and will continue to suffer in an amount to be determined at trial and Plaintiff seeks attorney fees pursuant to 42 USC 1988.

**FOURTH CAUSE OF ACTION**
**(Battery – Violation of California)**
**(By Plaintiff Against All DOE Defendants)**

46.    Plaintiff hereby re-allege and incorporates by reference each and every paragraph of this Complaint.

47.    Defendants DOES 1-10, while working as an employee for Defendant COUNTY of San Bernardino Sheriff's Department and acting within the course and scope of their duties, intentionally and assaulted and battered Plaintiff without a lawful basis. Plaintiff was grabbed and then continually seized, struck with fists,

and punched.  Defendant DOE 1, a dog handler, caused a battery to occur by having the K-9 under his control, intentionally attack and repeatedly bite the Plaintiff.

48.     As a result of the actions of the Defendants, Plaintiff suffered injury. Defendant Deputy DOES did not have a legal justification for using force against Plaintiff and Defendants' use of force while carrying out their duties was an unreasonable use of force.

49.     Defendant COUNTY is vicarious liable, pursuant to California Government Code § 815.2(a), for the violation of rights by its employees and agents.

50.     As a direct and proximate result of Defendants' battery of Plaintiff, Plaintiff sustained injury and damages, and is entitled to relief as set forth above.

51.     WHEREFORE, Plaintiff prays for relief as hereinafter set forth below.

### FIFTH CAUSE OF ACTION
**VIOLATION OF CIVIL CODE §52.1(b)**
**(By Plaintiff Against All DOE Defendants)**

52.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 51 above, as though fully set forth herein.

53.      By the actions and omissions described above, the individually named Defendants, DOES 1-10, violated and/or interfered with Plaintiff's state and/or federal rights through threats, and/or intimidation, and/or coercion, thereby entitling Plaintiff to sue for damages under California Civil Code § 52.1, subdivision (b).

54.    The violations included depriving Plaintiff of the following well-settled constitutional rights that are secured by the U.S. Constitution, the California Constitution, and California law:

i.    The right to be free from unreasonable searches and seizures, as secured by the Fourth and Fourteenth Amendments.

ii.    The right to be free from unreasonable searches and seizures, as secured by Article I, section 13 of the California Constitution; and,

iii.    The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43.

55.    Defendant COUNTY is liable under California Government Code § 815.2 for the Civil Code § 52.1(b) violations, committed within the course and scope of the named Defendants' employment.

56.    As a proximate result of the foregoing wrongful acts, the Plaintiff sustained injuries and damages, as set forth above. The Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

57.    In committing the acts alleged above, the Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary and punitive damages in an amount to be determined as set forth in Civil Code 52 (b) (1); Attorney fees, Civil Code 52 (b)(3); General and Special Damages according to proof.

## SIXTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (By Plaintiff Against All DOE Defendants)

58.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 57 above, as though fully set forth herein.

59.     Defendant Deputies intentionally performed acts that resulted in the infliction of emotional distress upon Plaintiff. The Defendants held down the handcuffed Plaintiff after striking him and informed him that the K-9 was going to "eat" the Plaintiff. The Defendants' tortious conduct resulted in Plaintiff suffering severe emotional distress with physical manifestations, thereby entitling Plaintiff to damages pursuant to California law.

60.     Defendant COUNTY is liable under California Government Code § 815.2 for the intentional infliction of emotional distress, committed within the course and scope of the named Defendants' employment.

61.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above.  Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities. No punitive damages are sought against the COUNTY.

/ / /

/ / /

# SEVENTH CAUSE OF ACTION
## NEGLIGENCE
### (By Plaintiff Against All DOE Defendants)

62.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 61 above, as though fully set forth herein.

63.    Plaintiff pleads in the Alternative; At all times, each Defendant owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation and each Defendant owed Plaintiff the duty to act with reasonable care.

64.    These general duties of reasonable care and due care owed to Plaintiff by all Defendants included, but were not limited to, the following specific obligations:

a. To refrain from using excessive force while detaining or seizing Plaintiff;

b. To refrain from using deadly strikes to Plaintiff's head;

c. To refrain from using excessive force after handcuffing Plaintiff;

d. To refrain from violating Plaintiff's rights to be treated fairly;

e. To refrain from wrongfully seizing Plaintiff;

f. To refrain from abusing the authority granted to Defendants by law;

g. To refrain from violating Plaintiff's rights, which are guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

65.    Defendants acted negligently and breached their duty of due care owed to Plaintiff, which foreseeably resulted in the suffering of damages by Plaintiff.

66.    Defendant COUNTY liable under California Government Code § 815.2 for the negligence, committed within the course and scope of the named Defendants' employment.

67.    As a proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, as set forth above. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ /

/ / /

/ / /

/ / /

/ / /

**WHEREFORE, Plaintiff prays for relief as hereinafter set forth.**

## PRAYER FOR RELIEF

1. For general damages in a sum according to proof;

2. For special damages in a sum according to proof;

3. For Punitive damages (not as to COUNTY) in a sum according to proof;

4. For reasonable attorneys' fees pursuant to 42 U.S.C. 1983 § 1983;

5. For statutory civil penalties

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.


Dated:  08/05/2025          LAW OFFICES OF JAMES S. TERRELL

                                         /s/James S. Terrell

                                            James S. Terrell
                                            Attorney for Plaintiff

Dated:  08/05/2025          LAW OFFICES OF SHARON J. BRUNNER

                                         /s/Sharon J. Brunner

                                            Sharon J. Brunner
                                            Attorney for Plaintiff

1
2
# **DEMAND FOR JURY TRIAL**
3
4
Plaintiff hereby demands a trial by jury.
5
6
7
Dated:0*8/05/2025*_____          LAW OFFICES OF JAMES S. TERRELL
8
9
10          _/s/*James S. Terrell*_____
11                                              James S. Terrell
                                              Attorney for Plaintiff
12
13
Dated: 08/05/2025_____          LAW OFFICES OF SHARON J. BRUNNER
14
15                                                              s
16          _/s/Sharon J. Brunner_____
17                                              Sharon J. Brunner
                                              Attorney for Plaintiff
18
19
20
21
22
23
24
25
26
27
28